1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone: (212) 335-4500
   Facsimile: (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  Los Angeles, CA 90071
   Telephone: (415) 986-5900
8  Facsimile: (415) 986-8054
   sgordon@gordonrees.com
9
   MICHAEL C. ZELLERS (SBN: 146904)
10 TUCKER ELLIS & WEST LLP
   515 South Flower Street, Suite 4200
11 Los Angeles, CA 90071-2223
   Telephone: (213) 430-3400
12 Facsimile: (213) 430-3409
   michael.zellers@tuckerellis.com
13
   Attorneys for Defendants
14 PFIZER INC., PHARMACIA CORPORATION,
   AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                   NORTHERN DISTRICT OF CALIFORNIA
17
                       SAN FRANCISCO DIVISION
18

19 IN RE BEXTRA AND CELEBREX          )  MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND     )
20 PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:07-cv-2900-CRB
                                      )
21 This document relates to           )
                                      )  **PFIZER INC., PHARMACIA**
22 JOAN DIGGS,                         )  **CORPORATION, AND G.D.**
                                      )  **SEARLE LLC'S ANSWER TO**
                                      )  **COMPLAINT**
23         Plaintiff,                 )
                                      )
24         vs.                        )  **JURY DEMAND ENDORSED**
                                      )  **HEREIN**
25 PFIZER, INC., PHARMACIA CORPORATION,)
   and G.D. SEARLE LLC, (FKA G.D. SEARLE &)
26 CO.),              Defendants.     )
                                      )
27                                     )
                                      )
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    ("Searle"), (collectively "Defendants") and file their Answer to Plaintiff's Complaint

4    ("Complaint"), and would respectfully show the Court as follows:

5    ## I.

6    ## **PRELIMINARY STATEMENT**

7    The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8    Celebrex® (celecoxib) ("Celebrex®").    Accordingly, this Answer can only be drafted

9    generally.    Defendants may seek leave to amend this Answer when discovery reveals the

10   specific time periods in which Plaintiff was prescribed and used Celebrex®.

11   ## II.

12   ## **ANSWER**

13   ## **Response to Allegations Regarding Parties**

14   1.    Defendants admit that Plaintiff brought this civil action seeking monetary damages, but

15   deny that Plaintiff is entitled to any relief or damages.    Defendants admit that, during certain

16   periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

17   States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18   accordance with their approval by the FDA.    Defendants admit that, during certain periods of

19   time, Celebrex® were manufactured and packaged for Searle, which developed, tested,

20   marketed, co-promoted, and distributed Celebrex® in the United States to be prescribed by

21   healthcare providers who are by law authorized to prescribe drugs in accordance with their

22   approval by the FDA.    Defendants state that Celebrex® was and is safe and effective when used

23   in accordance with its FDA-approved prescribing information.    Defendants state that the

24   potential effects of Celebrex® were and are adequately described in its FDA-approved

25   prescribing information, which was at all times adequate and comported with applicable

26   standards of care and law.    Defendants deny any wrongful conduct, deny that Celebrex® caused

27   Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

28   Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including North Carolina, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Celebrex® in the United States, including Florida, to be prescribed by healthcare providers who

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

2   Defendants deny the remaining allegations in this paragraph of the Complaint.

3   6.      Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a

4   merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit

5   that, during certain periods of time, Pharmacia marketed and co-promoted Celebrex® in the

6   United States to be prescribed by healthcare providers who are by law authorized to prescribe

7   drugs in accordance with their approval by the FDA.   Defendants deny the remaining

8   allegations in this paragraph of the Complaint.

9                   **Response to Allegations Regarding Jurisdiction and Venue**

10  7.      Defendants are without knowledge or information to form a belief as to the truth of the

11  allegations in this paragraph of the Complaint regarding the amount in controversy, and,

12  therefore, deny that the same.  However, Defendants admit that Plaintiff claims that the amount

13  in controversy exceeds $75,000, exclusive of interests and costs.

14  8.      Defendants are without knowledge or information to form a belief as to the truth of the

15  allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount

16  in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiff claims

17  that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

18  interests and costs.

19  9.      Defendants are without knowledge or information to form a belief as to the allegations

20  in this paragraph of the Complaint regarding the judicial district in which the asserted claims

21  allegedly arose and, therefore, deny the same.  Defendants state that Celebrex® was and is safe

22  and effective when used in accordance with its FDA-approved prescribing information.

23  Defendants deny committing a tort in the States of California and Virginia, and deny the

24  remaining allegations in this paragraph of the Complaint.

25  10.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

26  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

27  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

28  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-4-

1  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

2  Celebrex® in the United States to be prescribed by healthcare providers who are by law

3  authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit

4  that Pfizer, Pharmacia, and Searle are registered to and do business in the State of and

5  California. Defendants state that the allegations in this paragraph of the Complaint regarding

6  "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or

7  information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

8  the same. Defendants deny committing a tort in the States of and Virginia, and deny the

9  remaining allegations in this paragraph of the Complaint.

10  **Response to Allegations Regarding Interdistrict Assignment**

11  11.    Defendants state that this paragraph of the Complaint contains legal contentions to

12  which no response is required. To the extent that a response is deemed required, Defendants

13  admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

14  and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

15  Panel on Multidistrict Litigation on September 6, 2005.

16  **Response to Factual Allegations**

17  12.    Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

19  Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this

20  paragraph of the Complaint.

21  13.    Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

23  condition and whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants

24  state that Celebrex® was and is safe and effective when used in accordance with its FDA-

25  approved prescribing information. Defendants state that the potential effects of Celebrex®

26  were and are adequately described in its FDA-approved prescribing information, which was at

27  all times adequate and comported with applicable standards of care and law. Defendants deny

28  the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.   Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

18.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

1   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

2   effective when used in accordance with its FDA-approved prescribing information.  Defendants

3   deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny

4   the remaining allegations in this paragraph of the Complaint.

5   19.    Defendants are without knowledge or information sufficient to form a belief as to the

6   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8   effective when used in accordance with its FDA-approved prescribing information.  Defendants

9   state that the potential effects of Celebrex® were and are adequately described in its FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

12  Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

13  paragraph of the Complaint.

14  20.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

16  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

17  effective when used in accordance with its FDA-approved prescribing information.  Defendants

18  deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny

19  the remaining allegations in this paragraph of the Complaint.

20  21.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information.  Defendants

24  state that the potential effects of Celebrex® were and are adequately described in its FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

27  Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

28  paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

22.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

23.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

24.    Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the remaining allegations in this paragraph of the Complaint.

25.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

26.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

27.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    28.    Defendants state that the allegations in this paragraph of the Complaint are not directed

2    towards Defendants and, therefore, no response is required.  To the extent that a response is

3    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

4    allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

5    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

6    29.    Defendants state that the allegations in this paragraph of the Complaint regarding "other

7    pharmaceutical companies" are not directed towards Defendants and, therefore, no response is

8    required.  To the extent a response is deemed required, Defendants state that, as stated in the

9    FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to

10    be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2

11    (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the

12    cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiff fails to provide the proper context for the

13    remaining allegations in this paragraph and Defendants therefore lack sufficient information or

14    knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining

15    allegations in this paragraph of the Complaint.

16    30.    Defendants state that the allegations in this paragraph of the Complaint regarding

17    "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

18    information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

19    the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

20    mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis,

21    primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in

22    humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants

23    state that Celebrex® was and is safe and effective when used in accordance with its FDA-

24    approved prescribing information.  Defendants state that the potential effects of Celebrex®

25    were and are adequately described in its FDA-approved prescribing information, which was at

26    all times adequate and comported with applicable standards of care and law.  Defendants deny

27    any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

28

31.    Defendants admit that Searle submitted a New Drug Application ("NDA") for Celebrex® on June 29, 1998.  Defendants admit that, on December 31, 1998, the FDA granted approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults. Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery).  Defendants deny the remaining allegations in this paragraph of the Complaint.

32.    Defendants admit that Celebrex® was launched in February 1999.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

33.    Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

34. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny the remaining allegations in this paragraph of the Complaint.

35. Defendants deny the allegations in this paragraph of the Complaint.

36. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs"). Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via

1    inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex

2    does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiff fails to provide the

3    proper context for the remaining allegations in this paragraph of the Complaint.  Defendants

4    therefore lack knowledge or information sufficient to form a belief as to the truth of such

5    allegations and, therefore, deny the same.

6    37.    Defendants state that the allegations in this paragraph of the Complaint are not directed

7    towards Defendants and, therefore, no response is required.  To the extent that a response is

8    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

9    allegations in this paragraph of the Complaint.  Defendants therefore lack knowledge or

10    information sufficient to form a belief as to the truth of such allegations and, therefore, deny the

11    same.

12    38.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

13    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

14    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

15    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

16    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

17    Celebrex® in the United States to be prescribed by healthcare providers who are by law

18    authorized to prescribe drugs in accordance with their approval by the FDA.  Plaintiff fails to

19    provide the proper context for the allegations in this paragraph of the Complaint regarding

20    "pharmaceutical researchers, scientists, and companies."  Defendants therefore lack knowledge

21    or information sufficient to form a belief as to the truth of such allegations and, therefore, deny

22    the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this

23    paragraph of the Complaint.

24    39.    Defendants state that the Celebrex® label speaks for itself and respectfully refer the

25    Court to the Celebrex® label for its actual language and text.  Any attempt to characterize the

26    Celebrex® label is denied.  Defendants state that Celebrex® was and is safe and effective when

27    used in accordance with its FDA-approved prescribing information.  Defendants state that the

28    potential effects of Celebrex® were and are adequately described in its FDA-approved

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-12-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    prescribing information, which was at all times adequate and comported with applicable

2    standards of care and law.  Defendants deny any wrongful conduct and deny the remaining

3    allegations in this paragraph of the Complaint.

4    40.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6    Celebrex® and, therefore, deny the same.  Defendants state that the referenced article and

7    website speaks for themselves and respectfully refer the Court to the article and website for

8    their actual language and text.  Any attempt to characterize the article and website is denied.

9    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

10   FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that

11   Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

12   paragraph of the Complaint.

13   41.    Defendants state that Celebrex® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

15   deny the remaining allegations in this paragraph of the Complaint, including all subparts.

16   42.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendants state that the potential effects of

18   Celebrex® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21   the Complaint, including all subparts.

22   43.    Defendants state that the allegations in this paragraph of the Complaint are not directed

23   towards Defendants and, therefore, no response is required.  To the extent that a response is

24   deemed required, Defendants state that Plaintiff fails to provide the proper context for the

25   allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

26   or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

27   44.    Defendants state that the allegations in this paragraph of the Complaint are not directed

28   towards Defendants and, therefore, no response is required.  To the extent that a response is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

2    allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

3    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

4    45.    Defendants state that the allegations in this paragraph of the Complaint are not directed

5    towards Defendants and, therefore, no response is required.  To the extent that a response is

6    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

7    allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

8    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

9    46.    Defendants state that the allegations in this paragraph of the Complaint are not directed

10    towards Defendants and, therefore, no response is required.  To the extent that a response is

11    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

12    allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

13    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

14    47.    Defendants state that the allegations in this paragraph of the Complaint are not directed

15    towards Defendants and, therefore, no response is required.  To the extent that a response is

16    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

17    allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

18    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19    48.    Defendants state that the allegations in this paragraph of the Complaint are not directed

20    towards Defendants and, therefore, no response is required.  To the extent that a response is

21    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

22    allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

23    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

24    49.    Defendants state that the allegations in this paragraph of the Complaint are not directed

25    towards Defendants and, therefore, no response is required.  To the extent that a response is

26    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

27    allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

28    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

50.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

51.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

52.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

53.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

54.    Plaintiff does not allege having used Bextra® in this Complaint.  Nevertheless, Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied.  Defendants state that the remaining allegations in this paragraph of the Complaint are not

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-15-
ANSWER TO COMPLAINT – 3:07-cv-2900-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  directed towards Defendants and, therefore, no response is required.  To the extent that a
2  response is deemed required, Defendants state that Plaintiff fails to provide the proper context
3  for the remaining allegations in this paragraph of the Complaint.  Defendants therefore lack
4  sufficient information or knowledge to form a belief as to the truth of such allegations and,
5  therefore, deny the same.

6  55.    Defendants state that the allegations in this paragraph of the Complaint are not directed
7  towards Defendants and, therefore, no response is required.  To the extent that a response is
8  deemed required, Defendants state that Plaintiff fails to provide the proper context for the
9  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information
10  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

11  56.    Defendants state that the allegations in this paragraph of the Complaint are not directed
12  towards Defendants and, therefore, no response is required.  To the extent that a response is
13  deemed required, Defendants state that Plaintiff fails to provide the proper context for the
14  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information
15  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

16  57.    Plaintiff does not allege having used Bextra® in this Complaint.  Nevertheless,
17  Defendants state that Bextra® was and is safe and effective when used in accordance with its
18  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®
19  were and are adequately described in its FDA-approved prescribing information, which was at
20  all times adequate and comported with applicable standards of care and law.  Defendants state
21  that the Bextra® label speaks for itself and respectfully refer the Court to the Bextra® label for
22  its actual language and text.  Any attempt to characterize the Bextra® label is denied.
23  Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of
24  April 7, 2005.  Defendants deny the remaining allegations regarding Bextra® in this paragraph
25  of the Complaint.  Defendants state that the remaining allegations in this paragraph of the
26  Complaint are not directed towards Defendants and, therefore, no response is required.  To the
27  extent that a response is deemed required, Defendants state that Plaintiff fails to provide the
28  proper context for the remaining allegations in this paragraph of the Complaint.  Defendants

therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

58.    Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.    Defendants deny the remaining allegations in this paragraph of the Complaint.

59.    Defendants state that the Celebrex® label speaks for itself and respectfully refer the Court to the Celebrex® label for its actual language and text.  Any attempt to characterize the Celebrex® label is denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

60.    Defendants state that the referenced FDA Announcement speaks for itself and respectfully refer the Court to the FDA Announcement for its actual language and text.  Any attempt to characterize the FDA Announcement is denied.  Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding "all manufacturers of prescription NSAIDs," and "over-the-counter (OTC) NSAIDs." Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

61.    Defendants state that the referenced  FDA Announcement and Medication Guide speaks for themselves and respectfully refer the Court to the FDA Announcement and Medication Guide for their actual language and text.  Any attempt to characterize the FDA Announcement is denied.  Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding "OTC NSAIDs."  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

62.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

63.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

64.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations in this paragraph of the Complaint.

65.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations in this paragraph of the Complaint, including all subparts.

66.    Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

67.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  approved prescribing information. Defendants state that the potential effects of Celebrex®

2  were and are adequately described in its FDA-approved prescribing information, which was at

3  all times adequate and comported with applicable standards of care and law. Defendants deny

4  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

5  68.    Defendants state that this paragraph of the Complaint contains legal contentions to

6  which no response is required. To the extent that a response is deemed required, Defendants

7  deny the allegations in this paragraph of the Complaint.

8  69.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9  with its FDA-approved prescribing information. Defendants state that the potential effects of

10  Celebrex® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13  the Complaint.

14  70.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information. Defendants deny any wrongful conduct and

16  deny the remaining allegations in this paragraph of the Complaint.

17  71.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information. Defendants state that the potential effects of

19  Celebrex® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22  the Complaint.

23  72.    Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

25  Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

26  effective when used in accordance with its FDA-approved prescribing information. Defendants

27  state that the potential effects of Celebrex® were and are adequately described in its FDA-

28  approved prescribing information, which was at all times adequate and comported with

1    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

2    remaining allegations in this paragraph of the Complaint.

3    73.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

6    effective when used in accordance with its FDA-approved prescribing information.  Defendants

7    state that the potential effects of Celebrex® were and are adequately described in its FDA-

8    approved prescribing information, which was at all times adequate and comported with

9    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

10   remaining allegations in this paragraph of the Complaint.

11   74.    Defendants state that the Celebrex® label speaks for itself and respectfully refer the

12   Court to the article for its actual language and text.  Any attempt to characterize the article is

13   denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendants state that the potential effects of

15   Celebrex® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18   the Complaint.

19   75.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information.  Defendants state that the potential effects of

21   Celebrex® were and are adequately described in its FDA-approved prescribing information,

22   which was at all times adequate and comported with applicable standards of care and law.

23   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24   the Complaint.

25   76.    Defendants state that the Celebrex® package insert speaks for itself and respectfully

26   refer the Court to the package insert for its actual language and text.   Any attempt to

27   characterize the package insert is denied.  Defendants state that Celebrex® was and is safe and

28   effective when used in accordance with its FDA-approved prescribing information.  Defendants

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

-20-

1   state that the potential effects of Celebrex® were and are adequately described in its FDA-

2   approved prescribing information, which was at all times adequate and comported with

3   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

4   remaining allegations in this paragraph of the Complaint.

5   77.    Defendants state that the Celebrex® package insert speaks for itself and respectfully

6   refer the Court to the package insert for its actual language and text.  Any attempt to

7   characterize the package insert is denied.  Defendants state that Celebrex® was and is safe and

8   effective when used in accordance with its FDA-approved prescribing information.  Defendants

9   state that the potential effects of Celebrex® were and are adequately described in its FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

12  remaining allegations in this paragraph of the Complaint.

13  78.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

14  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

15  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

16  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

17  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

18  Celebrex® in the United States to be prescribed by healthcare providers who are by law

19  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

20  that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

21  prescribing information.  Defendants state that the potential effects of Celebrex® were and are

22  adequately described in its FDA-approved prescribing information, which was at all times

23  adequate and comported with applicable standards of care and law.  Defendants deny any

24  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

25  79.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27  Celebrex® and, therefore, deny the same.  Defendants admit that, during certain periods of

28  time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-21-

ANSWER TO COMPLAINT – 3:07-cv-2900-CRB

1    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

2    with their approval by the FDA.    Defendants admit that, during certain periods of time,

3    Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

4    promoted and distributed Celebrex® in the United States to be prescribed by healthcare

5    providers who are by law authorized to prescribe drugs in accordance with their approval by the

6    FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants state that the potential effects of

8    Celebrex® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

11   the Complaint.

12   80.      Defendants state that Celebrex® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Celebrex® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17   the Complaint.

18   81.      Defendants state that Celebrex® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information.  Defendants state that the potential effects of

20   Celebrex® were and are adequately described in its FDA-approved prescribing information,

21   which was at all times adequate and comported with applicable standards of care and law.

22   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23   the Complaint.

24   82.      Defendants deny any wrongful conduct and deny the remaining allegations in this

25   paragraph of the Complaint.

26   83.      Defendants state that Celebrex® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Celebrex® were and are adequately described in its FDA-approved prescribing information,

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3    the Complaint.

4    84.    Defendants state that the referenced article speaks for itself and respectfully refer the

5    Court to the article for its actual language and text.  Any attempt to characterize the article is

6    denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

8    this paragraph of the Complaint.

9    85.    Defendants state that the referenced article speaks for itself and respectfully refer the

10    Court to the article for its actual language and text.  Any attempt to characterize the article is

11    denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

12    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

13    this paragraph of the Complaint.

14    86.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15    with its FDA-approved prescribing information.  Defendants state that the potential effects of

16    Celebrex® were and are adequately described in its FDA-approved prescribing information,

17    which was at all times adequate and comported with applicable standards of care and law.

18    Defendants deny the allegations in this paragraph of the Complaint.

19    87.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20    with its FDA-approved prescribing information.  Defendants state that the potential effects of

21    Celebrex® were and are adequately described in its FDA-approved prescribing information,

22    which was at all times adequate and comported with applicable standards of care and law.

23    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24    the Complaint.

25    88.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

26    on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

27    characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

28    2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

89.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

90.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

91.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

92.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

93.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   articles is denied.  Defendants state that the referenced study speaks for itself and respectfully

2   refer the Court to the study for its actual language and text.  Any attempt to characterize the

3   study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4   94.    Defendants state that the referenced Medical Officer Review speaks for itself and

5   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

6   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

7   allegations in this paragraph of the Complaint.

8   95.    Plaintiff fails to provide the proper context for the allegations concerning "Public

9   Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

10  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

11  Defendants deny the remaining allegations in this paragraph of the Complaint.

12  96.    Defendants state that the referenced study speaks for itself and respectfully refer the

13  Court to the study for its actual language and text.  Any attempt to characterize the study is

14  denied.  Plaintiff fails to provide the proper context for the allegations concerning "Public

15  Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

16  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

17  Defendants deny the remaining allegations in this paragraph of the Complaint.

18  97.    Defendants admit that there was a clinical trial called APC.  Defendants state that the

19  referenced article speaks for itself and respectfully refer the Court to the article for its actual

20  language and text.  Any attempt to characterize the article is denied.  Defendants deny the

21  remaining allegations in this paragraph of the Complaint.

22  98.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

23  and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

24  and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

25  Defendants deny the remaining allegations in this paragraph of the Complaint.

26  99.    Defendants state that the referenced Medical Officer Review speaks for itself and

27  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants admit that there was a clinical trial called PreSAP. Plaintiff fails to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

101.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

102.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and text. Any attempt to characterize the studies is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants state that allegations in this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx® in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  this paragraph of the Complaint.    Defendants therefore lack sufficient information or

2  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

3  Defendants state that the referenced study speaks for itself and respectfully refer the Court to

4  the study for its actual language and text.  Any attempt to characterize the study is denied.

5  Defendants deny the remaining allegations in this paragraph of the Complaint.

6  105.    Defendants state that allegations in this paragraph of the Complaint regarding Merck

7  and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and

8  therefore no response is required.  To the extent that a response is deemed required, Plaintiff

9  fails to provide the proper context for the allegations in this paragraph of the Complaint

10  regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack

11  sufficient information or knowledge to form a belief as to the truth of such allegations and,

12  therefore, deny the same.  Defendants state that the referenced study speaks for itself and

13  respectfully refer the Court to the study for its actual language and text.  Any attempt to

14  characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

15  the Complaint.

16  106.    Defendants state that allegations in this paragraph of the Complaint regarding Merck

17  and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and

18  therefore no response is required.  To the extent that a response is deemed required, Plaintiff

19  fails to provide the proper context for the allegations in this paragraph of the Complaint

20  regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack

21  sufficient information or knowledge to form a belief as to the truth of such allegations and,

22  therefore, deny the same.  Defendants state that the referenced study speaks for itself and

23  respectfully refer the Court to the study for its actual language and text.  Any attempt to

24  characterize the study is denied.  Defendants state that the referenced article speaks for itself

25  and respectfully refer the Court to the article for its actual language and text.  Any attempt to

26  characterize the article is denied.  Defendants deny the remaining allegations in this paragraph

27  of the Complaint.

28

107.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants deny the allegations in this paragraph of the Complaint.

108.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.    Any attempt to characterize the article is denied.    Defendants deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.    To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.    Any attempt to characterize the article is denied.    Defendants deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants deny the allegations in this paragraph of the Complaint.

111.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations contained in this paragraph of the Complaint.

112.    Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

113.    Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

114.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   115.   Defendants are without knowledge or information sufficient to form a belief as to the

2   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

3   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

4   effective when used in accordance with its FDA-approved prescribing information.  Defendants

5   state that the potential effects of Celebrex® were and are adequately described in its FDA-

6   approved prescribing information, which was at all times adequate and comported with

7   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

8   Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of

9   the Complaint.

10  116.   Defendants admit that the FDA Division of Drug Marketing, Advertising, and

11  Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005.  Defendants state

12  that the referenced letter speaks for itself and respectfully refer the Court to the letter for its

13  actual language and text.  Any attempt to characterize the letter is denied.  Defendants admit

14  that the DDMAC sent a letter to Searle dated October 6, 1999.  Defendants state that the

15  referenced letter speaks for itself and respectfully refer the Court to the letter for its actual

16  language and text.  Any attempt to characterize the letter is denied.  Defendants state that the

17  transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and

18  respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to

19  characterize the transcripts is denied.  Defendants state that the referenced study speaks for

20  itself and respectfully refer the Court to the article for its actual language and text.  Any attempt

21  to characterize the article is denied.   Defendants deny the remaining allegations in this

22  paragraph of the Complaint.

23  117.   Defendants state that Celebrex® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Celebrex® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

28  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-29-

1    law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

2    admit that, during certain periods of time, Celebrex® was manufactured and packaged for

3    Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

4    United States to be prescribed by healthcare providers who are by law authorized to prescribe

5    drugs in accordance with their approval by the FDA.  Defendants deny the remaining

6    allegations in this paragraph of the Complaint.

7    118.    Defendants state that Celebrex® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Celebrex® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

12   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

13   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

14   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

15   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

16   United States to be prescribed by healthcare providers who are by law authorized to prescribe

17   drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® is a

18   prescription medication which is approved by the FDA for the following indications: (1) for

19   relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

20   rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

21   treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

22   in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

23   surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

24   relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

25   and older.  Defendants deny any wrongful conduct and deny the remaining allegations in this

26   paragraph of the Complaint.

27   119.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiff's allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

120.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    United States to be prescribed by healthcare providers who are by law authorized to prescribe

2    drugs in accordance with their approval by the FDA.    Defendants deny the remaining

3    allegations in this paragraph of the Complaint.

4    122.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Celebrex® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9    the Complaint.

10   123.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.  Defendants state that the potential effects of

12   Celebrex® were and are adequately described in its FDA-approved prescribing information,

13   which was at all times adequate and comported with applicable standards of care and law.

14   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15   the Complaint.

16   124.    Defendants deny the allegations in this paragraph of the Complaint.

17   125.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.  Defendants state that the potential effects of

19   Celebrex® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22   the Complaint.

23   126.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information.  Defendants state that the potential effects of

25   Celebrex® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28   the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   127.   Defendants are without knowledge or information sufficient to form a belief as to the

2   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

3   Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

4   Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

5   paragraph of the Complaint.

6   128.   Defendants state that Celebrex® was and is safe and effective when used in accordance

7   with its FDA-approved prescribing information.  Defendants state that the potential effects of

8   Celebrex® were and are adequately described in its FDA-approved prescribing information,

9   which was at all times adequate and comported with applicable standards of care and law.

10  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

11  remaining allegations in this paragraph of the Complaint.

12  129.   Defendants state that Celebrex® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendants state that the potential effects of

14  Celebrex® are and were adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17  the Complaint.

18  130.   Defendants state that Celebrex® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Celebrex® are and were adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants state that the referenced study speaks for itself and respectfully refer the Court to

23  the study for its actual language and text.  Any attempt to characterize the study is denied.

24  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25  the Complaint.

26  131.   Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

28  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   effective when used in accordance with its FDA-approved prescribing information.  Defendants

2   state that the potential effects of Celebrex® are and were adequately described in its FDA-

3   approved prescribing information, which was at all times adequate and comported with

4   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

5   remaining allegations in this paragraph of the Complaint.

6   **Response to First Cause of Action: Negligence**

7   132.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

8   Complaint as if fully set forth herein.

9   133.    Defendants state that this paragraph of the Complaint contains legal contentions to

10  which no response is required.  To the extent that a response is deemed required, Defendants

11  admit that they had duties as are imposed by law but deny having breached such duties.

12  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

13  FDA-approved prescribing information.   Defendants state that the potential effects of

14  Celebrex® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17  the Complaint.

18  134.    Defendants state that this paragraph of the Complaint contains legal contentions to

19  which no response is required.  To the extent that a response is deemed required, Defendants

20  admit that they had duties as are imposed by law but deny having breached such duties.

21  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

22  FDA-approved prescribing information.   Defendants state that the potential effects of

23  Celebrex® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26  the Complaint.

27  135.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    Celebrex® were and are adequately described in its FDA-approved prescribing information,

2    which was at all times adequate and comported with applicable standards of care and law.

3    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

4    the Complaint, including all subparts.

5    136.    Defendants are without knowledge or information sufficient to form a belief as to the

6    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8    effective when used in accordance with its FDA-approved prescribing information.  Defendants

9    state that the potential effects of Celebrex® were and are adequately described in its FDA-

10    approved prescribing information, which was at all times adequate and comported with

11    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

12    remaining allegations in this paragraph of the Complaint.

13    137.    Defendants state that Celebrex® was and is safe and effective when used in accordance

14    with its FDA-approved prescribing information.  Defendants state that the potential effects of

15    Celebrex® were and are adequately described in its FDA-approved prescribing information,

16    which was at all times adequate and comported with applicable standards of care and law.

17    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18    the Complaint.

19    138.    Defendants are without knowledge or information sufficient to form a belief as to the

20    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22    effective when used in accordance with its FDA-approved prescribing information.  Defendants

23    state that the potential effects of Celebrex® were and are adequately described in its FDA-

24    approved prescribing information, which was at all times adequate and comported with

25    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

26    Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

27    paragraph of the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    139.    Defendants are without knowledge or information sufficient to form a belief as to the

2    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

3    Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

4    Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

5    paragraph of the Complaint.

6    140.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

7    damage, and deny the remaining allegations in this paragraph of the Complaint.

8    141.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

9    damage, and deny the remaining allegations in this paragraph of the Complaint.

10    **Response to Second Cause of Action: Strict Liability**

11    142.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

12    Complaint as if fully set forth herein.

13    143.    Defendants are without knowledge or information sufficient to form a belief as to the

14    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15    Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

16    time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

17    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

18    with their approval by the FDA.  Defendants admit that, during certain periods of time,

19    Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

20    promoted and distributed Celebrex® in the United States to be prescribed by healthcare

21    providers who are by law authorized to prescribe drugs in accordance with their approval by the

22    FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

23    consumers without substantial change from the time of sale.  Defendants deny the remaining

24    allegations in this paragraph of the Complaint.

25    144.    Defendants state that Celebrex® was and is safe and effective when used in accordance

26    with its FDA-approved prescribing information.  Defendants state that the potential effects of

27    Celebrex® were and are adequately described in its FDA-approved prescribing information,

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny the remaining allegations in this paragraph of the Complaint.

3    145.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

8    remaining allegations in this paragraph of the Complaint.

9    146.    Defendants state that Celebrex® was and is safe and effective when used in accordance

10   with its FDA-approved prescribing information.  Defendants state that the potential effects of

11   Celebrex® were and are adequately described in its FDA-approved prescribing information,

12   which was at all times adequate and comported with applicable standards of care and law.

13   Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

14   remaining allegations in this paragraph of the Complaint, including all subparts.

15   147.    Defendants are without knowledge or information sufficient to form a belief as to the

16   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

17   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

18   effective when used in accordance with its FDA-approved prescribing information.  Defendants

19   state that the potential effects of Celebrex® were and are adequately described in its FDA-

20   approved prescribing information, which was at all times adequate and comported with

21   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

22   Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the

23   remaining allegations in this paragraph of the Complaint.

24   148.    Defendants state that Celebrex® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information.  Defendants state that the potential effects of

26   Celebrex® were and are adequately described in its FDA-approved prescribing information,

27   which was at all times adequate and comported with applicable standards of care and law.

28

1    Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the
2    remaining allegations in this paragraph of the Complaint.

3    149.    Defendants are without knowledge or information sufficient to form a belief as to the
4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used
5    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and
6    effective when used in accordance with its FDA-approved prescribing information.  Defendants
7    state that the potential effects of Celebrex® were and are adequately described in its FDA-
8    approved prescribing information, which was at all times adequate and comported with
9    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that
10   Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the
11   remaining allegations in this paragraph of the Complaint.

12   150.    Defendants state that Celebrex® was and is safe and effective when used in accordance
13   with its FDA-approved prescribing information.  Defendants state that the potential effects of
14   Celebrex® were and are adequately described in its FDA-approved prescribing information,
15   which was at all times adequate and comported with applicable standards of care and law.
16   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of
17   the Complaint.

18   151.    Defendants are without knowledge or information sufficient to form a belief as to the
19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used
20   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and
21   effective when used in accordance with its FDA-approved prescribing information.  Defendants
22   state that the potential effects of Celebrex® were and are adequately described in its FDA-
23   approved prescribing information, which was at all times adequate and comported with
24   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that
25   Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this
26   paragraph of the Complaint.

27   152.    Defendants state that Celebrex® was and is safe and effective when used in accordance
28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

153.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

154.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

155.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

156.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Breach of Express Warranty**

157.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

158.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

159.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

160.    Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

161.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

162.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

163.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Celebrex®, and, therefore, deny the same.    Defendants state that the potential effects of

2    Celebrex® were and are adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendants admit that they provided FDA-approved prescribing information regarding

5    Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

6    164.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

7    damage, and deny the remaining allegations in this paragraph of the Complaint.

8    165.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

9    damage, and deny the remaining allegations in this paragraph of the Complaint.

10   166.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

11   damage, and deny the remaining allegations in this paragraph of the Complaint.

12            **<u>Response to Fourth Cause of Action: Breach of Implied Warranty</u>**

13   167.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

14   Complaint as if fully set forth herein.

15   168.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

16   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

17   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

18   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

19   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

20   Celebrex® in the United States to be prescribed by healthcare providers who are by law

21   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

22   the remaining allegations in this paragraph of the Complaint.

23   169.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information.  Defendants state that the potential effects of

25   Celebrex® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendants admit that they provided FDA-approved prescribing information regarding

28   Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

170.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

171.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

172.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

173.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

174.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.    Defendants state that, in the ordinary case,

1    Celebrex® was expected to reach users and consumers without substantial change from the

2    time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

3    175.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5    Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

6    effective when used in accordance with its FDA-approved prescribing information. Defendants

7    state that the potential effects of Celebrex® were and are adequately described in its FDA-

8    approved prescribing information, which was at all times adequate and comported with

9    applicable standards of care and law. Defendants deny any wrongful conduct, deny that they

10   breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

11   176.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

12   damage, and deny the remaining allegations in this paragraph of the Complaint.

13   177.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

14   damage, and deny the remaining allegations in this paragraph of the Complaint.

15   178.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

16   damage, and deny the remaining allegations in this paragraph of the Complaint.

17   **Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

18   179.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

19   Complaint as if fully set forth herein.

20   180.    Defendants state that this paragraph of the Complaint contains legal contentions to

21   which no response is required. To the extent that a response is deemed required, Defendants

22   admit that they had duties as are imposed by law but deny having breached such duties.

23   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

24   FDA-approved prescribing information. Defendants state that the potential effects of

25   Celebrex® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28   the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

181.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

182.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

183.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

184.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    185.    Defendants are without knowledge or information sufficient to form a belief as to the

2    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

3    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

4    effective when used in accordance with its FDA-approved prescribing information.  Defendants

5    state that the potential effects of Celebrex® were and are adequately described in its FDA-

6    approved prescribing information, which was at all times adequate and comported with

7    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

8    remaining allegations in this paragraph of the Complaint.

9    186.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

11   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

12   effective when used in accordance with its FDA-approved prescribing information.  Defendants

13   state that the potential effects of Celebrex® were and are adequately described in its FDA-

14   approved prescribing information, which was at all times adequate and comported with

15   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

16   remaining allegations in this paragraph of the Complaint.

17   187.    Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

19   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

20   effective when used in accordance with its FDA-approved prescribing information.  Defendants

21   state that the potential effects of Celebrex® were and are adequately described in its FDA-

22   approved prescribing information, which was at all times adequate and comported with

23   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

24   remaining allegations in this paragraph of the Complaint.

25   188.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

28   effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

189.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

190.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

191.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

192.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

193.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

**Response to Sixth Cause of Action: Unjust Enrichment**

194.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

195.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

196.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

197.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

198.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

199.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

200.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

## Response to Seventh Cause of Action:

## State Consumer Fraud and Deceptive Trade Practices Acts

201.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

202.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants deny the remaining allegations in this paragraph of the Complaint.

203.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

2    remaining allegations in this paragraph of the Complaint.

3    204.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

6    effective when used in accordance with its FDA-approved prescribing information.  Defendants

7    state that the potential effects of Celebrex® were and are adequately described in its FDA-

8    approved prescribing information, which was at all times adequate and comported with

9    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

10   Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

11   paragraph of the Complaint.

12   205.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

14   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

15   paragraph of the Complaint.

16   206.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18   Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

19   remaining allegations in this paragraph of the Complaint.

20   207.    Defendants deny any wrongful conduct and deny the remaining allegations in this

21   paragraph of the Complaint.

22   208.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

23   damage, and deny the remaining allegations in this paragraph of the Complaint.

24   209.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

25   damage, and deny the remaining allegations in this paragraph of the Complaint.

26   210.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

27   damage, and deny the remaining allegations in this paragraph of the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

211.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

212.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Prayer for Relief

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Third Defense**

3.      At all relevant times, Defendants provided proper warnings, information, and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4.      At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed, and distributed.

**Fifth Defense**

5.      Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6.      Plaintiff's action is barred by the statute of repose.

**Seventh Defense**

7.      Plaintiff's claims against Defendants are barred to the extent Plaintiff was contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiff should be diminished accordingly.

**Eighth Defense**

8.      The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.      The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Tenth Defense**

2    10.    Any injuries or expenses incurred by Plaintiff was not caused by Celebrex®, but were

3    proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

4    of God.

5    **Eleventh Defense**

6    11.    Defendants affirmatively deny that they violated any duty owed to Plaintiff .

7    **Twelfth Defense**

8    12.    A manufacturer has no duty to warn patients or the general public of any risk,

9    contraindication, or adverse effect associated with the use of a prescription medical product.

10   Rather, the law requires that all such warnings and appropriate information be given to the

11   prescribing physician and the medical profession, which act as a "learned intermediary" in

12   determining the use of the product.  Celebrex® is a prescription medical product, available only

13   on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiff's

14   treating and prescribing physicians.

15   **Thirteenth Defense**

16   13.    The product at issue was not in a defective condition or unreasonably dangerous at the

17   time it left the control of the manufacturer or seller.

18   **Fourteenth Defense**

19   14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

20   for its intended use and the warnings and instructions accompanying Celebrex® at the time of

21   the occurrence of the injuries alleged by Plaintiff was legally adequate for its approved usages.

22   **Fifteenth Defense**

23   15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the

24   Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable

25   standard of care.

26

27

28

ANSWER TO COMPLAINT – 3:07-cv-2900-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Sixteenth Defense

16.     Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

### Seventeenth Defense

17.     Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

### Eighteenth Defense

18.     Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

### Nineteenth Defense

19.     Plaintiff knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.     Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.     Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.     The manufacture, distribution, and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

1

**Twenty-third Defense**

2   23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary

3   jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

4   issue under applicable federal laws, regulations, and rules.

5

**Twenty-fourth Defense**

6   24.    Plaintiff's claims are barred in whole or in part because there is no private right of

7   action concerning matters regulated by the Food and Drug Administration under applicable

8   federal laws, regulations, and rules.

9

**Twenty-fifth Defense**

10   25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate

11   "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

12   of Comment j to Section 402A of the Restatement (Second) of Torts.

13

**Twenty-sixth Defense**

14   26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim

15   because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

16   Restatement (Second) of Torts § 402A, Comment k.

17

**Twenty-seventh Defense**

18   27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

19   product at issue "provides net benefits for a class of patients" within the meaning of Comment f

20   to § 6 of the Restatement (Third) of Torts: Products Liability.

21

**Twenty-eighth Defense**

22   28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

23   Products Liability.

24

**Twenty-ninth Defense**

25   29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead

26   facts sufficient under the law to justify an award of punitive damages.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirtieth Defense**

30.    Defendants affirmatively aver that the imposition of punitive damages in this case would violate Defendants' rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of Virginia and California, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiff's punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and,

1    therefore, constitute protected commercial speech under the applicable provisions of the United

2    States Constitution.

3                                    **Thirty-eighth Defense**

4    38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

5    caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

6    law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

7    protections afforded by the United States Constitution, the excessive fines clause of the Eighth

8    Amendment of the United States Constitution, the Commerce Clause of the United States

9    Constitution, and the Full Faith and Credit Clause of the United States Constitution, and

10   applicable provisions of the Constitutions of the States of Virginia and California.  Any law,

11   statute, or other authority purporting to permit the recovery of punitive damages in this case is

12   unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks

13   constitutionally sufficient standards to guide and restrain the jury's discretion in determining

14   whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that

15   it failed to provide adequate advance notice as to what conduct will result in punitive damages;

16   (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied

17   with applicable law, or conduct that was not directed, or did not proximately cause harm, to

18   Plaintiff ; (4) permits recovery of punitive damages in an amount that is not both reasonable and

19   proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory

20   damages, if any; (5) permits jury consideration of net worth or other financial information

21   relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial

22   court in post-verdict review of any punitive damages awards; (7) lacks constitutionally

23   sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to

24   satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v.*

25   *Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S.

26   443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut.*

27   *Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Thirty-ninth Defense**

2    39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

3    and marketing of Celebrex®, if any, used in this case, included adequate warnings and

4    instructions with respect to the product's use in the package insert and other literature, and

5    conformed to the generally recognized, reasonably available, and reliable state of the

6    knowledge at the time the product was marketed.

7

**Fortieth Defense**

8    40.    The claims asserted in the Complaint are barred because Celebrex® was designed,

9    tested, manufactured, and labeled in accordance with the state-of-the-art industry standards

10   existing at the time of the sale.

11

**Forty-first Defense**

12   41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information

13   and belief, such injuries and losses were caused by the actions of persons not having real or

14   apparent authority to take said actions on behalf of Defendants and over whom Defendants had

15   no control and for whom Defendants may not be held accountable.

16

**Forty-second Defense**

17   42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

18   was not unreasonably dangerous or defective, was suitable for the purpose for which it was

19   intended, and was distributed with adequate and sufficient warnings.

20

**Forty-third Defense**

21   43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

22   waiver, and/or estoppel.

23

**Forty-fourth Defense**

24   44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the

25   pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or

26   illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were

27   independent of or far removed from Defendants' conduct.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Forty-fifth Defense**

2    45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

3    did not proximately cause injuries or damages to Plaintiff.

4    **Forty-sixth Defense**

5    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

6    did not incur any ascertainable loss as a result of Defendants' conduct.

7    **Forty-seventh Defense**

8    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

9    manufacturing, labeling, packaging, and any advertising of the product complied with the

10   applicable codes, standards and regulations established, adopted, promulgated or approved by

11   any applicable regulatory body, including but not limited to the United States, any state, and

12   any agency thereof.

13   **Forty-eighth Defense**

14   48.    The claims must be dismissed because Plaintiff would have taken Celebrex® even if the

15   product labeling contained the information that Plaintiff contends should have been provided.

16   **Forty-ninth Defense**

17   49.    The claims asserted in the Complaint are barred because the utility of Celebrex®

18   outweighed its risks.

19   **Fiftieth Defense**

20   50.    Plaintiff's damages, if any, are barred or limited by the payments received from

21   collateral sources.

22   **Fifty-first Defense**

23   51.    Defendants' liability, if any, can only be determined after the percentages of

24   responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

25   any, are determined.   Defendants seek an adjudication of the percentage of fault of the

26   claimants and each and every other person whose fault could have contributed to the alleged

27   injuries and damages, if any, of Plaintiff .

28

**Fifty-second Defense**

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.    Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.    Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56.    Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiff was proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.    Therefore, Plaintiff's recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Fifty-seventh Defense**

2  57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

3  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

4  Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

5  damages is also barred under California Civil Code § 3294(b).

6

**Fifty-eighth Defense**

7  58.    Plaintiff's claims for punitive damages are barred, in whole or in part, by Virginia Code

8  § 8.01-38.1.

9

**Fifty-ninth Defense**

10  59.    Defendants reserve the right to supplement their assertion of defenses as they continue

11  with their factual investigation of Plaintiff's claims.

12

**V.**

13

**PRAYER**

14  WHEREFORE, Defendants pray for judgment as follows:

15  1.    That Plaintiff takes nothing from Defendants by reason of the Complaint;

16  2.    That the Complaint be dismissed;

17  3.    That Defendants be awarded their costs for this lawsuit;

18  4.    That the trier of fact determine what percentage of the combined fault or other liability

19        of all persons whose fault or other liability proximately caused Plaintiff's alleged

20        injuries, losses, or damages is attributable to each person;

21  5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater

22        than an amount which equals their proportionate share, if any, of the total fault or other

23        liability which proximately caused Plaintiff's injuries and damages; and

24  6.    That Defendants have such other and further relief as the Court deems appropriate.

25

26

27

28

1    November 9, 2007                                    GORDON & REES LLP

2

3                                                        By: :_____/s/_____

4                                                            Stuart M. Gordon
                                                             sgordon@gordonrees.com
5                                                            Embarcadero Center West
                                                             275 Battery Street, 20th Floor
6                                                            San Francisco, CA 94111
                                                             Telephone:  (415) 986-5900
7                                                            Fax:  (415) 986-8054

8
     November 9, 2007                                    TUCKER ELLIS & WEST LLP
9

10
                                                         By: :_____/s/_____
11
                                                             Michael C. Zellers
12                                                           michael.zellers@tuckerellis.com
                                                             515 South Flower Street, Suite 4200
13                                                           Los Angeles, CA 90071
                                                             Telephone:  (213) 430-3400
14                                                           Fax:  (213) 430-3409

15                                                           Attorneys for Defendants
                                                             PFIZER INC., PHARMACIA
16                                                           CORPORATION, and G.D. SEARLE
                                                             LLC
17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:07-cv-2900-CRB

1

## JURY DEMAND

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  November 9, 2007                          GORDON & REES LLP

6

7                                            By: :_____/s/_____

8                                               Stuart M. Gordon
                                                sgordon@gordonrees.com
9                                               Embarcadero Center West
                                                275 Battery Street, 20th Floor
10                                              San Francisco, CA  94111
                                                Telephone:  (415) 986-5900
11                                              Fax:  (415) 986-8054

12  November 9, 2007                          TUCKER ELLIS & WEST LLP

13

14                                            By: :_____/s/_____

15                                               Michael C. Zellers
                                                michael.zellers@tuckerellis.com
16                                              515 South Flower Street, Suite 4200
                                                Los Angeles, CA 90071
17                                              Telephone:  (213) 430-3400
                                                Fax:  (213) 430-3409

18

19                                              Attorneys for Defendants
                                                PFIZER INC., PHARMACIA
20                                              CORPORATION, and G.D. SEARLE
                                                LLC

21

22

23

24

25

26

27

28

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

ANSWER TO COMPLAINT – 3:07-cv-2900-CRB